UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 6:23-cr-216-CEM-RMN

MICHAEL TOLLEN

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, hereby files its sentencing memorandum and states:

**A. PROCEDURAL BACKGROUND**

1. On October 24, 2023, a criminal complaint charged the Defendant with sexual abuse of a minor, in violation of 18 U.S.C. § 2243(a). Doc. 1. On October 25, 2023, the Defendant was arrested and has been detained since that time. Docs. 10, 12.

2. On November 15, 2023, a four-count indictment charged the Defendant with violations of 18 U.S.C. § 2243(a) for engaging in sexual acts with a minor on or about October 15, 2023. Doc. 15.

3. On or about March 11, 2024, the Defendant pleaded guilty, without a plea agreement, to Counts, One, Two, Three, and Four of the Indictment. Doc. 7. Sentencing is set for July 30, 2024. Doc. 46.

4.  As explained below, there are unresolved objections to the final PSR, including: application of the cross reference at USSG § 2A3.2(c)(1) and application of the adjustment for obstruction of justice pursuant to USSG § 3C1.1 *See* Doc. 47, ¶¶ 30, 35. The Government agrees with the calculation of the guidelines as currently set forth in the final PSR. Doc. 47.

## B. SUMMARY OF THE OFFENSE CONDUCT

The Defendant, a man in his seventies, repeatedly sexually abused his 14-year-old granddaughter (the "Victim") while she was in his care. According to the Victim's parents and other family member, the Victim has autism, developmental delays, and diminished mental capacity. Doc. 47, ¶¶ 14, 18, and 23.

On October 15, 2023, the Defendant woke the Victim, and told her to take off her pants. He proceeded to sexually abuse her, including through penetration of her vagina and anus. *Id*. at ¶ 12. At some point during this conduct, the Defendant's wife (the Victim's grandmother), walked in the room while the Defendant and the Victim were naked or partially clothed and screamed, "That's not ok." *Id*. at ¶¶ 12, 15. The grandmother later told the Victim's father what she had observed, and the family took the Victim to the hospital for evaluation. *Id*.

During interviews with law enforcement, the Victim explained that the Defendant started sexually abusing her when she was 13 years old and that he did so on about 15 other occasions. *Id*. at ¶¶ 13, 20-22. The Victim confirmed the ongoing abuse during a forensic interview by FBI's Child Protection Team, explaining that she was confused the first time the Defendant put his penis in her vagina and that the

Defendant would sexually abuse her in various locations when her grandmother would leave or was not present. *Id*. at ¶ 21. The Victim explained that her grandfather, the Defendant, told her not to tell anyone, that it was a secret, and that she wouldn't be able to see her grandmother anymore if she told anyone. *Id*. at ¶ 22.

### C. OBJECTIONS TO THE PSR

The Final PSR (Doc. 47) applies the cross reference at USSG § 2A3.2(c)(1), which provides that –

> If the offense involved criminal sexual abuse or attempt to commit criminal sexual abuse (as defined in 18 U.S.C. § 2241 or § 2242) apply §2A3.1 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse). If the victim had not attained the age of 12 years, § 2A3.1 shall apply, regardless of the "consent" of the victim.

*See* Doc. 47, ¶ 30. With enhancements for specific offense characteristics, an adjustment for obstruction of justice, an enhancement for engaging in a pattern of activity involving prohibited sexual conduct, and a decrease for acceptance of responsibility, the total offense level set forth in the final PSR is 38. *Id*. at ¶¶ 30-40. With a criminal history category I, the resulting guidelines range as currently set forth in the PSR is 235 to 293 months. *Id*. at ¶ 70. The Government agrees with the calculation of the current guideline range and addresses the defense objections as follows:

i. *The Cross Reference to USSG §2A3.1 Should Apply*

The final PSR applies the cross reference to USSG §2A3.1 because the offense conduct involved criminal sexual abuse, as defined under 18 U.S.C. § 2242. Pursuant to Section 2242(2)(A), a person commits sexual abuse when they knowingly "engage

3

in a sex act with another person if that other person is incapable of appraising the nature of the conduct." 18 U.S.C. § 2242(2)(A). Additionally, pursuant to Section § 2242(3), a person commits sexual abuse when the person knowingly "engages in a sexual act with another person without that other person's consent, to include doing so through coercion." 18 U.S.C. § 2242(3), effective October 1, 2022. Here, both provisions of Section 2242 apply to the Defendant's conduct.

*Section 2242(2)(A)*

With regard to Section 2242(2)(A), the facts set forth in the final PSR and the testimony at sentencing will establish that the Victim was "incapable of appraising the nature of the conduct." While the statute does not define "incapable of appraising the nature of the conduct," the Seventh Circuit, citing to Section 2242(2)(A), has held that "[k]nowingly engaging in a sexual act with a person under the age of 18 amounts to a crime…when the juvenile is incapable of appraising the nature of the act…" *United States v. Julian*, 427 F.3d 471, 479-80 (7th Cir. 2005). Further, at least one federal district court has addressed that portion of Section 2242(2)(A) in the context of comparing that section to a Colorado statute, stating:

> This statute appears to be very broad. It places no age limitation on the victim. It requires no age differential between the offender and the victim. It arguably applies to a larger universe of victims than either the Colorado statute or the other federal statutes–children who, by virtue of age, are incapable of understanding the nature of sexual conduct; adults with cognitive disabilities; adults who are incapacitated due to drugs or alcohol; seniors with cognitive impairment. While the court could find little case law involving the statute, it found several instances in which a defendant had been charged both with sexual abuse of a child under 18 U.S.C. § 2241(c) and sexual abuse of a victim under § 2242(2)(A),

4

> implying what seems logical–that a child so young is incapable of understanding the nature of the sexual act. See, *e.g.*, United States v. Britt, 576 Fed. App'x 959 (11th Cir. 2014); United States v. Burke, 80 F.3d 314 (8th Cir. 1996); United States v. Medicine Horse, Case No. CR-11-35, 2012 WL 1999525 (D. Mont. June 4, 2012).
>
> The statute does not define what it means to be "incapable of appraising the nature" of the conduct. But if one assumes that children under the age of fifteen are "incapable of appraising the nature" of sexual contact/assault, then § 2242(2)(A) appears to be much broader, and to encompass far more behavior, than the Colorado statute. And if that is the case, then the Colorado statute is a categorical match with § 2242(2)(A).

*United States v. Walker*, No. 17-CR-184-PP, 2018 WL 3325909, at *8 (E.D. Wis. July 6, 2018). *See also United States v. Bryant-Royal*, No. CRIM. WDQ-12-0040, 2012 WL 3253165, at *3 (D. Md. Aug. 6, 2012) ("A person may be incapable of appraising the nature of the conduct because of a developmental disability…").

Here, there are ample facts to show that the Victim's cognitive impairments/delays resulted in her inability to appraise the nature of the Defendant's conduct. First, the Victim's family members have explained the extent of her delays, stating: that the Victim was diagnosed with Autism, and her maturity level is that of a young child (¶ 14); that the Victim was diagnosed with Autism and a developmental delay with the mental capacity of a young child (¶ 18); that the Victim was non-verbal for the first seven years of her life (¶ 18); that the Victim had multiple mental diagnosis' including mental retardation with an IQ in the sixties (¶ 23); that the Victim had obsessive compulsive disorder, attention deficit disorder, anxiety, and autism (¶23); and that the Victim could not understand the curriculum in at-grade-

level courses and endured "mental torture and abuse" by being put in those classes (¶ 23). The Defendant recognized the Victim's cognitive impairments when affirming that she was a "special need child." Doc. 47, ¶ 17.

Additionally, the Victim herself has explained that she was "confused" the first time her grandfather penetrated her. *Id*. at ¶ 21. Moreover, the Victim did not tell anyone about the sexual abuse until *after* her grandmother walked in on it happening and reacted by screaming. Even then, the Victim was most upset by her grandmother's reaction (not by the heinous acts that had been perpetrated on her), thus supporting the conclusion that the Victim was not capable of appraising the nature of the Defendant's conduct. *See* Doc. 47, ¶ 19.

*Section 2242(3)*

With regard to Section 2242(3), the facts set forth in the final PSR and the testimony at sentencing will establish that the Defendant engaged in a sexual act with his minor granddaughter "without [her] consent, to include doing so through coercion." *See* 18 U.S.C. § 2242(3). Section 2242(3) was recently enacted in October 2022, thus there is a paucity of case law addressing its application. However, plain language of the statute provides for its application when the victim is coerced by the perpetrator. Here, the Defendant coerced his granddaughter through multiple methods, including: the power dynamic between them (grandfather/granddaughter); the age difference between them (adult/child); the difference in cognitive abilities (normal functioning/mental incapacity); and the verbal threats used (the Defendant telling the Victim that she would not be able to see her grandmother if the Victim

told anyone of the ongoing abuse). The Victim's own statements during the interviews with law enforcement, portions of which will be presented at sentencing, show that the Victim did not like or want to engage in the sexual acts. These facts show the involvement of sexual abuse, and support application of the cross reference through Section 2242(3).

    ii.   *The Adjustment for Obstruction of Justice Should Apply*

The final PSR also applies a two-level adjustment for obstruction of justice pursuant to USSG § 3C1.1. Although the Defendant argues that there is insufficient evidence to establish the adjustment applies, the facts set forth in the PSR and the expected testimony at trial are more than sufficient. In summary, the Defendant threatened to divorce his wife (the Victim's grandmother), which would result in her inability to receive his military pension, if she testified against him. Doc. 47, ¶ 25. Thus, the Defendant threatened a potential witness with economic harm to prevent the witness from testifying against him, conduct that unambiguously falls under the covered conduct of USSG § 3C1.1. *See* USSG § 3C1.1, Application Note 4(A).

**D. ALTERNATIVE REQUEST FOR UPWARD VARIANCE**

In the event the Court does not apply the cross reference to USSG § 2A3.1 (and instead applies USSG 2A3.2) to calculate the guidelines, the United States requests that the Court vary upward to impose a sentence within the guideline range that would have applied under USSG § 2A3.1. The § 3553 factors support a significant sentence in this case. The Defendant raped his minor granddaughter on several occasions over the course of at least a year. Additionally, he targeted her

because of her cognitive incapacity and coerced her with threats that she would not be able to see her beloved grandmother if she sought refuge from the abuse. The Defendant is a dangerous, hands-on offender, who preyed on his own granddaughter time and time again. The Defendant was entrusted with the care of society's most vulnerable, a disabled child, and the Defendant heinously abused that trust for his own sexual gratification.

    Respectfully submitted,

    ROGER B. HANDBERG
    United States Attorney

By:    /s/ Kara M. Wick
    Kara M. Wick
    Assistant United States Attorney
    FL Bar No. 0085578
    400 W. Washington Street, Suite 3100
    Orlando, Florida 32801
    Telephone: (407) 648-7500
    Facsimile: (407) 648-7643
    E-mail: kara.wick@usdoj.gov

U.S. v. Tollen                                              Case No. 6:23-cr-216-CEM-RMN

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Jim Skuthan, Esq.

/s/ Kara M. Wick
Kara M. Wick
Assistant United States Attorney
FL Bar No. 0085578
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:  (407) 648-7500
Facsimile:  (407) 648-7643
E-mail: kara.wick@usdoj.gov